Bob PORTER *v.* W.J. "Bill" McCUEN

92-940                                    835 S.W.2d 886

Supreme Court of Arkansas
Opinion delivered September 17, 1992

*Friday, Eldridge, and Clark*, by: *Paul B. Benham,* for petitioner.

*Winston Bryant*, Att'y Gen., by: *Ann Purvis*, Asst. Att'y Gen., for respondent.

PER CURIAM. On August 20, 1992, an original action was filed in this Court for an order to invalidate a proposed initiated act offered under Amendment 7 to the Arkansas Constitution; to enjoin placement of the proposed initiated act on the November 3, 1992 general election ballot and to direct that any votes cast thereon not be counted or certified because the petition contained invalid signatures and other irregularities and because the ballot title is defective.

■ This original action filed by the parties raises issues of fact. Arkansas Supreme Court Rule 17(c) provides that evidence on issues of fact will be taken by a Master to be appointed by this Court. Therefore, the Court appoints the Honorable Gerald P. Brown as Master and directs that he conduct such proceedings and hearings subject to and in accordance with our Rule 17 and Rule 53, Arkansas Rules of Civil Procedure, as are necessary to determine whether or not the allegations contained in the petition are true and shall file his report with the Court as expeditiously as possible.

Arkansas Supreme Court Rule 17(c), Rules of Supreme Court provides in pertinent part:

> As a condition to the appointment of a master the court shall require both parties to file a bond, to be approved by the clerk, to secure the payment of all costs adjudged against them incurred in taking and transcribing the proof including the fee of the master. In lieu of the bond above mentioned, the parties, the intervenors, or other interested persons shall have the option of furnishing a bond executed by the real parties in interest.

In addition, the Master is instructed to work with the Supreme Court Clerk and respective counsel in expediting a briefing schedule so that the Court will receive the parties briefs in sufficient time to consider the issues and render its decision as to whether or not this measure is to remain on the ballot to be printed for the November 3, 1992, general election.